MARK SCHERZER, ESQ. (MS-2622)
Attorney for Plaintiff
7 Dey Street, Suite 600
New York, New York 10007
Tel: (212) 406-9606



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD PERDUE,

        Plaintiff,

-against-

THE PFIZER, INC., LONG TERM DISABILITY
PLAN and CONNECTICUT GENERAL LIFE
INSURANCE COMPANY d/b/a/ CIGNA
GROUP INSURANCE,

        Defendants.
------------------------------------------------------------X

JUDGE BATTS

06 CV 5131

**COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff, Richard Perdue, by his attorney, Mark Scherzer, Esq., for his Complaint, respectfully alleges:

### FIRST CAUSE OF ACTION AGAINST CIGNA: IMPROPER DENIAL OF DISABILITY BENEFITS

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, to contest a denial of benefits by defendant the Pfizer, Inc. Long Term Disability Plan (the "Plan").

2. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, and pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), (e)(1), and (g).

1

3. Venue is appropriate in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the alleged breach of the plan, the termination of benefits to plaintiff, occurred here.

4. Plaintiff, Richard Perdue, has at all relevant times been a citizen of the State of New York. At the time of termination of his claim for disability benefits, he was a citizen of the State of New York, residing in Bronx County.

5. Upon information and belief, defendant Connecticut General Life Insurance Company, d/b/a/ CIGNA Group Insurance ("CIGNA"), is a corporation with its principal place of business at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania, and is engaged in the business, *inter alia*, of issuing and administering policies of group long term disability insurance in New York.,

6. Plaintiff at all relevant times was a covered participant in the Plan.

7. Coverage was provided to plaintiff as an employee of Pfizer, Inc. ("Pfizer"), which has its principal place of business at 235 East 42nd Street, New York, New York.

8. The Plan's coverage is insured under Policy No. 0417362 issued by CIGNA. Upon information and belief, CIGNA acts as both the Plan's insurer and its claim administrator.

9. Upon information and belief, the Plan does not confer discretion on CIGNA either with regard to its determination of claims or its interpretation of Plan terms.

10. The Plan is an "employee welfare benefit plan" or a "welfare plan" subject to ERISA, including its civil enforcement provisions. ERISA §§ 3(1), 3(3), 4(a), 502(a)(1)(B), and (a)(3), 29 U.S.C. §§ 1002(1), (3), 1003(a), 1132(a)(1)(B), and (a)(3).

11. As a result of the combined disabling effects and symptoms of HIV/AIDS,

2

medication side effects, and depression, Mr. Perdue became disabled from his employment on or about March 30, 1995. At that time, he was a Regulatory Compliance Associate.

12. At the time he became disabled, plaintiff's gross annual compensation (including bonus) was $49,900.00.

13. CIGNA determined that Mr. Perdue was "unable to perform the essential duties of [his] occupation" after the 180-day waiting period for commencement of benefits, and approved him for long term disability ("LTD") benefits under the Plan effective October 1, 1995.

14. Based upon his elections, Mr. Perdue is entitled under the Plan to a monthly LTD benefit that is 70% of his "monthly basic earnings," but cannot exceed a maximum monthly benefit of $3,600.00. With applicable offsets for other benefits, such as Social Security disability benefits, Mr. Perdue's monthly disability benefit has at all relevant times been $1,842.

15. The Plan provides that "after monthly benefits have been payable for 24 months, you will be considered Totally Disabled only if, because of Injury or Sickness, you are unable to perform the essential duties of any occupation for which you are or may reasonably become qualified based on your education, training or experience" (the "any occupation standard").

16. Upon information and belief, CIGNA approved Mr. Perdue for benefits under the "any occupation standard" on or about October 15, 1997.

17. Subsequent to October, 1997, CIGNA continued to receive and review supplemental claim information from Mr. Perdue and his physicians and, in February, 2003, a Nurse Case Manager conducted a formal review and reaffirmed continuation of his benefits. CIGNA continued to pay Mr. Perdue Plan benefits without incident during this period.

18. Upon information and belief, CIGNA initiated a "team review" in the fall of 2004.

3

19. After completing its team review, CIGNA, by letter dated March 23, 2005, terminated Mr. Perdue's benefits as of March 31, 2005.

20. By letters dated July 25, 2005, and February 17, 2006, Mr. Perdue – through his attorney – submitted timely written requests for review, together with additional medical records, doctor's letters, medical literature, and statements of witnesses.

21. By letters dated September 15, 2005, and March 13, 2006, CIGNA denied Mr. Perdue's appeals and refused to reinstate his LTD benefits.

22. Mr. Perdue has exhausted the Plan's internal appeal procedures.

23. Mr. Perdue continues to be disabled under the terms of the Plan and the evidence in the administrative record demonstrated that Mr. Perdue could not, because of a combination of symptoms – including fatigue, depression, neuropathic pain and discomfort, and diarrhea – perform the occupational duties of any regular, full-time job.

24. Mr. Perdue is entitled to long term disability benefits under the terms of the Plan.

25. Upon information and belief, CIGNA's termination and refusal to reinstate Mr. Perdue's LTD benefits was erroneous, against the weight of the evidence, in violation of the terms of the plan, and arbitrary and capricious, in that, among other things:

- CIGNA failed to address the totality of Mr. Perdue's physical and mental conditions and the impact of his complex medication regimen;
- CIGNA failed to follow the recommendation of its own medical consultant that Mr. Perdue's additional psychiatric documentation be reviewed by a psychiatric consultant;
- CIGNA did not identify any material improvement in Mr. Perdue's condition from the time for which benefits were approved for his disability to the time he was terminated;

- CIGNA's claim examiners (and consequently its medical and psychiatric consultants) selectively combed the administrative record for facts and notations supporting its decision to terminate benefits, while ignoring and failing to address those facts which were inconsistent with that decision.

- CIGNA ignored the decisions of Mr. Perdue's treating physicians – both of whom unambiguously affirmed his disability status – and instead relied on the opinions of medical and psychiatric consultants who: (i) lacked appropriate expertise, (ii) were employed by CIGNA or its subsidiaries, (iii) were never provided the opportunity to examine Mr. Perdue personally, (iv) failed to evaluate Mr. Perdue's disability in relation to the terms of the Plan, which provide that a claimant with part-time work capacity only remains "totally disabled", and (v) were involved in the initial claim strategy and termination;

- CIGNA refused, without appropriate basis, to credit Mr. Perdue's own statements of his symptoms and discounted the reports and opinions of his physicians regarding such symptoms; and

- CIGNA found Mr. Perdue able to engage in full-time work based upon (i) isolated airplane trips taken at Mr. Perdue's discretion, and without regard to the level of activity he was able to perform after such airplane trips, and (ii) a failed effort to volunteer as a coordinator of groundskeeping at the condominium where he resided.

26. As a result of CIGNA' actions, Mr. Perdue has been damaged in the total amount of $27,630, constituting unpaid Plan benefits accrued through June 30, 2006, and will continue to

be damaged in the amount of $1,842.00 for each subsequent month in which benefits are not paid.

WHEREFORE, plaintiff demands judgment

on his first cause of action against CIGNA and the Pfizer Long Term Disability Plan, awarding him not less than $27,630.00 plus $1,842.00 for each additional month after June 30, 2006, that accrues until the date of judgment, with pre-judgment interest from the accrual date of each benefit payment,

together with the reasonable attorneys' fees and costs of this action and such other, further and different relief as to the Court seems just, proper, and equitable.

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that plaintiff requests a jury trial on all issues so triable.

Dated:  New York, New York
        July 6, 2006

                                          _____
                                          MARK SCHERZER, ESQ. (MS-2622)
                                          Attorney for Plaintiff
                                          7 Dey Street, Suite 600
                                          New York, New York 10007
                                          Tel: (212) 406-9606